**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X   Case No. 18-cv-01495
HARESH JAMNADAS, on behalf of himself
individually and all others similarly situated,

Plaintiff,

<strong>CLASS ACTION<br>COMPLAINT</strong>

-against-

MIDLAND CREDIT MANAGEMENT, INC.,

Defendant.
--------------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC,

upon knowledge as to himself and his own acts, and as to all other matters upon

information and belief, brings this complaint against above-named defendant and in

support thereof alleges the following:

INTRODUCTION

1.    This is an action for damages brought by an individual consumer

and on behalf of a class for defendant's violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from

engaging in abusive, deceptive and unfair acts and practices.

2.    This action is also brought pursuant to New York General

Business Law ("NYGBL") § 349 for an injunction and damages regarding defendant's

deceptive acts and practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.      This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5.      Plaintiff is a natural person who resides in this District.

6.      Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7.      The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and concerned an allegedly defaulted Best Buy store card owed to Citibank, N.A.

8.      Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.      Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

10.     The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails and the telephone in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign business corporation incorporated in Kansas.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Defendant alleged that plaintiff owed a debt on a defaulted Citibank, N.A./Best Buy credit card.

16. By letter dated February 7, 2018 defendant wrote to plaintiff in an attempt to collect the debt.

17. In the letter, defendant stated, in pertinent part:

"The law limits how long a debt can appear on your credit report. Due to the age of this debt, we will not report payment or non-payment of it to a credit bureau."

18. Further in the same letter, defendant also stated:

"You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

19. Upon reading defendant's said collection letter, plaintiff felt confusion, upset, irritation and surprise because he did not know whether defendant would report the debt as a negative account to the credit reporting agencies and he did not know whether the law allowed defendant to report the debt to the credit reporting agencies.

## AS AND FOR A FIRST CAUSE OF ACTION

### FDCPA, §§ 1692e(2)(A) and 1692e

20.     Plaintiff re-alleges paragraphs 1-19 as if fully re-stated herein.

21.     In its collection letter dated February 7, 2018 defendant stated:

"The law limits how long a debt can appear on your credit report. Due to the age
of this debt, we will not report payment or non-payment of it to a credit bureau."

22.     Further in the same letter, defendant also stated:

"You are hereby notified that a negative credit report reflecting on your credit
record may be submitted to a credit reporting agency if you fail to fulfill the
terms of your credit obligations."

23.     Defendant's above–quoted two statements are contradictory.

24.     Defendant's above–quoted two statements leave plaintiff unsure as
to whether defendant will or will not report the debt as a negative account to his credit
report.

25.     Defendant's above–quoted two statements leave the least-
sophisticated consumer unsure as to whether defendant will or will not report the debt as
a negative account to her credit report.

26.     Defendant's above–quoted two statements leave plaintiff unsure as
to whether the law allows defendant to report the account to his credit report.

27.     Defendant's above–quoted two statements leave the least-
sophisticated consumer unsure as to whether the law allows defendant to report the
account to her credit report.

28.     Defendant's above–quoted contradictory statements constitute a

violation of the FDCPA, §§ 1692e(2)(A) and 1692e as a false representation of the character

or legal status of the debt and a false, deceptive and misleading representation used by

defendant in its attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL § 349

29.     Plaintiff re-alleges paragraphs 1-28 as if fully re-stated herein.

30.     Each of the deceptive acts and practices above–mentioned was

committed by defendant in the conduct of a business, trade or commerce or the furnishing of

a service within the State of New York and constitutes a violation of NYGBL § 349.

31.     Defendant's deceptive acts and practices were consumer-oriented, in that

defendant is a collector of consumer debts incurred principally or wholly by natural persons.

32.     Defendant contacts thousands of consumers within the State of New

York each year by mail.

33.     Defendant's collection letter dated February 7, 2018 is typical of the

letters defendant mailed to consumers within the State of New York concerning defaulted

Citibank/Best Buy credit cards, at all times relevant herein.

34.     Defendant's letter is derived from a letter form used by defendant.

35.     Defendant's letter is derived from a letter template used by

defendant.

36.     At all times relevant herein, defendant had a pattern of mailing

collection letters to hundreds of consumers within the State of New York each year which

contained the above–quoted contradictory statements regarding credit reporting of their debts.

37.     Plaintiff is a reasonable consumer within the meaning of the

 NYGBL.

38.     Upon reading defendant's said collection letter, plaintiff felt confusion,

upset, irritation and surprise because he did not know whether defendant would report the

debt as a negative account to the credit reporting agencies and he did not know whether the

law allowed defendant to report the debt to the credit reporting agencies.

39.     Defendant violated NYGBL § 349(a) and is liable to plaintiff under

NYGBL § 349(h).

## CLASS ALLEGATIONS

40.     Plaintiff re-alleges paragraphs 1-39 as if fully re-stated herein.

41.     This action is brought on behalf of plaintiff and the members of

a class. The class consists of all persons who defendant's records reflect were sent debt

collection letters within the State of New York within the period of time commencing one

year before the filing of this complaint up to and including the date of the filing of the

complaint and who were sent a collection letter (a) in substantially the same form as the letter

dated February 7, 2018 which defendant sent to plaintiff; (b) the collection letter was sent to

a consumer seeking payment of a debt alleged to be originally owed to Citibank,

N.A./Best Buy; (c) the collection letter was not returned by the postal service as

undeliverable; and (d) the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and

1692e. The class does not include defendant or persons who are officers, directors,

employees or representatives of defendant.

        42.     The class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant*

*sent a collection letter concerning a consumer debt alleged to be originally owed to*

*Citibank, N.A./Best Buy, which collection letter contains the statements:*

"The law limits how long a debt can appear on your credit report. Due to the age of this debt, we will not report payment or non-payment of it to a credit bureau."

and

"You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

*from one year before the filing of this complaint to the date of the filing of this*

*complaint inclusive, and which letter was not returned by the postal service as*

*undeliverable.*

43.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant's above–quoted two statements in its collection letters violate the FDCPA §§ 1692e(2)(A) and 1692e.

(C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

44.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

45.    If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

46.    Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

47.    As a result of the above violations, defendant is liable to plaintiff and the members of the class for an injunction and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)    certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)    awarding maximum statutory damages to the class pursuant to 15 U.S.C. § 1692k;

(c)    awarding maximum statutory damages to plaintiff pursuant to 15 U.S.C. § 1692k;

(d)    awarding actual damages to the class pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(e)    awarding actual damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(f)    awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(g)    enjoining defendant from committing further deceptive acts and practices pursuant to NYGBL § 349;

(h)    awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i)    in the alternative, awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(j)     awarding reasonable attorneys' fees, costs and disbursements

pursuant to NYGBL § 349; and

(k)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        March 9, 2018.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com